Daniel, J.
In this case the whole matter of law and fact was submitted to the judgment of the court below. The judge has decided against the right of the plaintiff to maintain his action; and, I think, properly. The action of trover is given to redress an injury to the right of possession. And in order to maintain the action, it is necessary for the plaintiff in the action to show that he not only has a right of property in, but also that he had a right to the immediate possession of, the thing converted, at the time of the conversion. Gordon v. Harper, 7 T. R. 9. The sale of the slave by Mrs. Kittle, the life tenant under the will of Richard Kittle, was made in 1836, and the sale by Martiney, against whose executor the suit is brought, was made in the same year: And Mrs. Kittle’s death occurred in the year 1846. Supposing the action to be founded on the sale by Martiney, either of the grounds relied on by the defendant presented a complete bar to it. The plaintiffs, at the date of the sale, had no right to the possession of the slave, and more than five years had elapsed at the time of the institution of the suit, since the date of the sale. There is nothing to connect Martiney with the subsequent removal of the slave out of the state. No action founded on the forfeiture of the life estate, under the statute, could therefore ever have been maintained against him. And even if it could, the bar of the statute of limitations would still have been insuperable, as the removal also occurred in the year 1836. *335 The wrong committed by Martiney in undertaking to sell a full estate or title in the slave, was a single act, fully consummated so soon as the sale was Whatever remedies the plaintiffs may have had for the redress of that wrong, I think the court below has properly decided that the one selected cannot avail them. The question has been decided the same way in the case of Nations v. Hawkins, 11 Alab. R. 862, and in the case of Lewis v. Mobley, 4 Dev. and Batt. 323.
I think the judgment should be affirmed.
The other judges concurred in the opinion of Daniel, J.
Judgment affirmed.